Appellant, Sherry Conley, appeals from a grant of summary judgment against her by the Circuit Court of Jefferson County in her action to recover damages for personal injury. We affirm.
Appellant was injured when her hair became caught in the unguarded parts of a grain auger which was being operated by her husband, Ricky Conley. At the time of the incident, Ricky was working part-time as a farmhand for W.A. Beavers, the owner of the auger.
On December 6, 1979, appellant filed suit for the injuries she suffered against L.H. Chandler and the Harry J. Whelchel Company, the distributors of the auger, Lear Siegler, Inc., the manufacturer of the auger, and Curtis Machine Co., Inc. The trial court granted a motion for summary judgment in favor of Curtis Machine Co., Inc. That order is not a part of this appeal.
Mr. Beavers, who is not a defendant in this action, had a farm insurance policy with South Carolina Insurance Company and that company employed General Adjustment Bureau (G.A.B.) to adjust any *Page 15 
claims under the policy. One of G.A.B.'s adjusters, Peter D. Lenhart, contacted appellant and her husband about the accident. The possibility of settling any claim which might arise between appellant and Mr. Beaver's insurance company was discussed. One of Mr. Lenhart's reports about the meeting specifically mentioned that a covenant not to sue might be obtained from appellant in return for an agreed upon settlement amount.
On January 2, 1980, approximately one month after this action was filed, Mr. Lenhart settled the appellant's claim against Mr. Beavers for $15,000.00 plus $500.00 in medical benefits. In consideration for that amount, appellant and her husband were asked to sign a form release and they did. The release was not read to appellant, though appellant was given the opportunity to read it for herself; however, it was explained by Mr. Lenhart, according to his deposition, in this manner:
 I explained to them that this was a full release for settlement of all claims in regard to the injury that Mr. Beavers would be responsible for.
 Q. All right. Did you, at any time, tell them or advise them in any way that they were settling all claims against any party whatsoever that could have been responsible for Sherry's or his injuries?
A. That was not discussed.
Appellant and her husband testified that they were informed that the release covered only Mr. Beavers. The form which Mr. Lenhart took to the appellant's home, however, was a general release with broad language that exceeded Mr. Lenhart's explanation of the extent of the settlement. The appellees in this case, Lear Siegler, Inc., Harry J. Whelchel Co. and L.H. Chandler, claiming the release is a bar against any claims involving appellant's injuries sustained on November 4, 1979, filed motions for summary judgments in their behalf. The trial court granted the motions on February 6, 1981, and stated that it found that the "release releases all parties jointly or severally liable to the plaintiffs." It is from this order that Sherry Conley appeals.
Both sides agree that pursuant to Code of 1975, § 12-21-109, the "release . . . must have effect according to the intention of the parties." Appellant claims that the release must be viewed in light of the circumstances surrounding its execution and that the intention of the parties was to effect a pro tanto settlement rather than a full and complete satisfaction of appellant's claim against all parties. Appellant relies uponMiles v. Barrett, 223 Ala. 293, 134 So. 661 (1931), for the proposition that a release given and accepted under mutual mistake of fact may be avoided. That rule of law is true, however, appellant is not asking this Court to void the release in question. Instead, she requests that the release be held not to apply to appellees except insofar as it pro tanto reduces any obligations they might be found to have in regard to appellant's claim. That remedy, however, is not available for the reasons that follow.
The release in question states that Mr. Beavers is released from all liability in connection with appellant's accident and that "any and all other persons . . . whether herein named or referred to or not, and who . . . may be jointly or severally liable to the undersigned" are also released. The trial court found that the release "clearly releases the subject defendants, the wording and the meaning of the words are neither complex nor misleading. There is no ambiguity in its terms." We agree. In the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged from what appears within the four corners of the instrument itself and parol evidence is not admissible to impeach it or vary its terms. Miles v. Barrett, supra.
The evidence in the record shows that appellant could have attempted to avoid or rescind the entire release on the grounds of mutual mistake, fraud or misrepresentation. Furthermore, appellant could have requested reformation of the release, pursuant to Code of 1975, § 8-1-2, to express the true intention of the parties. *Page 16 
Appellant chose none of those routes. Rather, she asks this Court to fashion a new remedy, i.e., a "partial revocation" of the release. The release cannot be construed as valid to Mr. Beavers, yet void as to appellees. The entire release must be construed as either void or invalid as to all parties. We find that the unambiguous release is valid as a matter of law. Thus, the trial court did not err in granting summary judgment.
Let the judgment be affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.
SHORES, J., concurs specially with opinion in which TORBERT, C.J., concurs.
JONES, J., dissents with opinion in which ADAMS, J., concurs.