437 So.2d 1267 (1983)
Sherry CONLEY & Ricky Conley
v.
William A. BEAVER, et al.
Sherry CONLEY & Ricky Conley
v.
CURTIS MACHINE CO., et al.
81-817, 81-1072.
Supreme Court of Alabama.
September 16, 1983.
*1268 Stephen D. Heninger of Hare, Wynn, Newell & Newton, Birmingham, for appellants.
Lyman H. Harris and Virginia L. Jordan of Lorant, Harris & Yearout, Birmingham, for appellees.
PER CURIAM.
Sherry Ann Conley and Ricky Conley, plaintiffs and the appellants herein, brought an action on December 6, 1979, for injuries Sherry Conley sustained when her hair became caught in the unguarded part of a grain auger. Defendants in that suit were L.H. Chandler and the Harry J. Whelchel Company, the distributors of the auger; Hutchinson Division, Lear Siegler, Inc., the manufacturer of the auger; and Curtis Machine Company, the manufacturer and distributor of the gear box. Suit was not filed against the owner of the farm equipment, William A. Beaver. Mr. Beaver was insured by the South Carolina Insurance Company. That company employed General Adjustment Services Bureau (G.A.B.) to adjust the claim under the policy. One of G.A.B.'s adjusters, Peter D. Lenhart, was negotiating a settlement with the Conleys. After the action was filed, Mr. Lenhart concluded the settlement of the Conleys' claim against William Beaver for $15,000 plus $500 medical benefits. In consideration for that amount, appellants were asked to and did sign a general release. The release was not read to Sherry or Ricky Conley, though they were given the opportunity to read the release for themselves. The Conleys testified that they were informed that the release covered only Mr. Beaver. The form which Mr. Lenhart took to appellants' home, however, was a general release, which contained broad language that exceeded Mr. Lenhart's explanation of who would be released under the settlement agreement.
On April 15, 1980, Curtis Machine Company, Inc., filed a motion for summary judgment based on the contention that the release barred the action against it. Subsequently, Lear Siegler, Inc., Harry J. Whelchel Company, and L.H. Chandler filed motions for summary judgment, claiming that the release was a bar against any claims involving injuries sustained by Sherry Conley on November 4, 1979. On October 29, 1980, the court granted the summary judgment motion of Curtis Machine Company, Inc. The trial court granted the motions for summary judgment for the remaining defendants on February 6, 1981, stating that it found that the release "clearly releases the subject defendants," and that "the wording and the meaning of the words are neither complex nor misleading." The court concluded that "[t]here is no ambiguity in its terms."
On February 26, 1981, the Conleys filed their notice of appeal to this Court. Their appeal was taken against Harry J. Whelchel Company and Lear Siegler. The record on appeal included all depositions that had been taken during discovery in this action. This Court rendered its decision on February 5, 1982, affirming the trial court's order granting summary judgment. Conley v. Harry J. Whelchel Co., 410 So.2d 14 (Ala. 1982).
After this Court affirmed the lower court's judgment, appellants filed two proceedings. Appellants filed a motion in the Jefferson County Circuit Court for relief from judgment pursuant to Rule 60(b), A.R. Civ.P., and a motion under Rule 62(b) for a stay until the circuit court ruled on the petition for reformation. Appellants also filed a petition for reformation of the release in the Jefferson County Circuit Court. The defendants named in that petition were William A. Beaver, South Carolina Insurance Company, General Adjustment Services Bureau, Inc., and Peter Lenhart. Harry J. Whelchel Company and Hutchinson Division, Lear Siegler, Inc., petitioned the court to intervene in this action. The motions for intervention as of right were granted on June 17, 1982. On that same day, the circuit court granted summary judgment in favor of the defendants.
On September 7, 1982, the Jefferson County Circuit Court denied appellants' 60(b) and 62(b) motions.
*1269 In case 81-817 plaintiffs appeal from the order of the trial court denying their petition for reformation and granting the petitions to intervene by Harry J. Whelchel Company and Hutchinson Division, Lear Siegler, Inc. Notice of appeal was timely filed on June 30, 1982. The trial judge's order of September 7, 1982, denying appellants' 60(b) and 62(b) motions is the subject of a notice of appeal filed on September 24, 1982, in case 81-1072.
Case 81-817 was consolidated with case 81-1072 for purposes of filing one record on appeal and oral argument.
The primary issue in this case is whether the reformation of the release at issue has been precluded by the prior litigation. The Harry J. Whelchel Company asserts that the doctrine of res judicata applies in the present case and that appellants are precluded by the prior judgment from relitigating a matter which was or could have been litigated in the previous action. We hold that the issue respecting the validity and the effect of the release was concluded in the prior action.
Res judicata and collateral estoppel are rules for determining the conclusiveness of prior judgments. Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978). In Wheeler, this Court set out the elements of collateral estoppel or "issue preclusion" as the term is used in Owen v. Miller, 414 So.2d 889 (Ala.1982).
"Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estoppel to operate are: (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment.... If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit. Gulf American Fire & Casualty v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968)."
364 So.2d at 1199.
Applying these criteria to the facts in this case, it is clear that collateral estoppel or issue preclusion works to prohibit relitigation of the effect to be given to the release in question. Defendants Curtis Machine Company, Harry J. Whelchel Company, and Lear Siegler, Inc., in their motions for summary judgment in the prior action, averred that the release released all the defendants from any liability arising from the accident. In its order granting the summary judgment, the lower court took notice of the fact that the plaintiffs argued that the release was executed through a misunderstanding of the parties. Final judgment was entered in favor of Harry J. Whelchel Company and Lear Siegler, Inc., on the basis that the release barred recovery against them. The trial court determined that the release was unambiguous and that no parol evidence could be considered to vary the terms of the release.
In reviewing that decision of the trial court, this Court agreed with the finding that there was no ambiguity in the terms of the release and that the entire release was valid as a matter of law. We stated:
"In the absence of fraud, a release supported by valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged from what appears within the four corners of the instrument itself and parol evidence is not admissible to impeach it or vary its terms."
Conley v. Harry J. Whelchel Co., 410 So.2d 14, 15 (Ala.1982).
In the present action, in their petition for reformation, appellants aver that through mutual mistake, innocent misrepresentation or fraudulent misrepresentation, the release was executed in a form which did not reflect the intent of the parties. They seek to reform the release so that it reflects a partial or pro tanto settlement of claims against Beaver only, rather than a release of all the alleged tortfeasors. The issue decided by this Court in the previous action was stated as follows:
"She [appellant] asks this Court to fashion a new remedy, i.e., a `partial revocation' of the release. The release cannot *1270 be construed as valid to Mr. Beavers [sic], yet void as to appellees. The entire release must be construed as either [valid] or invalid as to all parties. We find that the unambiguous release is valid as a matter of law...."
410 So.2d at 16.
The issue in the prior case was whether the release was a bar to recovery. This same issue is presented in appellants' petition for reformation. The issue decided in the prior case was clearly necessary and that issue was actually litigated and determined by the trial court and affirmed by this Court on appeal. See Crowson v. Cody, 215 Ala. 150, 110 So. 46 (1926); Irwin v. Alabama Fuel & Iron Co., 215 Ala. 328, 110 So. 566 (1925).
Appellants contend that in the previous action the release was only "incidental" to the products liability suit. Additionally, appellants claim that in the products liability case they should not be required to expand the parties to that action to bring in the parties to the release. The difficulty with these contentions is simply that (1) the release, unambiguous on its face, precludes, as a matter of settled law, any action for damages brought by or on behalf of the persons executing the release, and (2) once the release has been offered in bar of plaintiffs' claim for damages, it was incumbent on plaintiffs to take the necessary action to avoid the legal effect of the release. In the previous case of Conley v. Harry J. Whelchel Co., supra, the majority, as well as the Justices concurring, clearly stated that appellants could have petitioned to reform the release to express the true intent of the parties pursuant to § 8-1-2, Code 1975. Rather, in the prior case, they sought a partial revocation as to the named defendants in the products liability cause of action.
Appellants further argue that the trial court in the first case did not have the power to reform the release. The procedure for trying legal and equitable claims and issues has been merged, and since the adoption of our Rules of Civil Procedure litigants have the right to present legal and equitable claims in an orderly manner in the same action. The circuit court of Jefferson County clearly had the power to determine equitable issues, such as the reformation of the release. See, Ex Parte Reynolds 436 So.2d 873 (Ala.1983).
While this result may appear harsh, it is clear that when the release was pleaded in bar of plaintiffs' action for damages the proper procedure would have been for them to seek to reform the release. It is significant and conclusive that in the prior case they only sought a partial revocation of the release, not reformation.
Appellants also argue that the trial court erred in granting the Harry J. Whelchel Company's motion to intervene as of right. The general rule is that error, if any, must be presented by properly invoking adverse erroneous rulings of the trial court. Error may not be argued before the Supreme Court for the first time. Holt v. Davidson, 388 So.2d 548 (Ala.1980). See also, Brown v. Robinson, 354 So.2d 272 (Ala. 1978); Southern Railway Co. v. McCamy, 270 Ala. 510, 120 So.2d 695 (1960). Because there is insufficient evidence in the record as to the fact or grounds for any objection by appellants, we do not believe that the issue is properly before us.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
JONES and ADAMS, JJ., dissent.
JONES, Justice (dissenting).
Were I to assume the correctness of this Court's holding in this case on its first appeal, 410 So.2d 14 (Ala.1980), I would agree that plaintiffs' claim for reformation is barred by the issue preclusion doctrine. Because I do not agree, and because the instant majority opinion is necessarily predicated upon the holding and rationale of the majority opinion in the prior case, I must *1271 respectfully dissent in this case. My views are expressed in the earlier case at p. 16.
ADAMS, J., concurs.