I agree that the judgment of the trial court should be affirmed. However, I believe that two points made in the majority opinion should be clarified. First, in discussing the trial court's decision to grant a directed verdict for the plaintiffs on their conversion count, Justice Adams writes:
 "The defendants admitted violating state law in their loan transaction. These violations negated all rights or interest of the defendants in the plaintiffs' vehicle and made their repossession unlawful."
In this case, the defendants admitted that they had acted in "deliberate violation of or reckless disregard for" Code 1975, § 5-19-1 (the Alabama Mini-Code). Under § 5-19-19 of the Mini-Code, it is only this kind of violation that will make the transaction involved void. It is for this reason that the defendants' interest in the vehicle had been negated, thereby making the repossession unlawful.
A second point to make is that the plaintiffs failed to introduce the proper evidence for the jury to determine the compensatory damages to be awarded on their conversion count. The proper measure of damages is the value of the property at the time the conversion took place or at any time thereafter and prior to trial, plus interest. Coffee General Hospital v.Henderson, 338 So.2d 1022, 1023 (Ala.Civ.App. 1976). The evidence presented by the plaintiffs established the value of the vehicle twelve months prior to the conversion. This evidence was clearly not within the relevant time frame for determining the value of the property.
However, I am unable to find in the record where the defendants properly preserved this issue for appeal. To present an error to this Court, one must properly invoke an adverse ruling of the trial court. Conley v. Beaver, 437 So.2d 1267,1270 (Ala. 1983). The defendants did not object to this evidence at the time it was introduced, nor did they sufficiently bring this issue to the attention of the trial court in their motion for directed verdict. Therefore, there were insufficient facts or grounds in the record for this Court to review the alleged error. Conley, supra.