William Wyatt Smith appeals from a summary judgment rendered against him by the Circuit Court of Jefferson County in his action for fraud. We affirm.
On April 6, 1983, Smith was hit by Debra Jennings in an automobile collision, and Jennings's insurer, State Farm, issued a check for $277.00 to Smith, which he indorsed and cashed. State Farm continued to negotiate with Smith's attorney over his claim for personal injuries and paid for his physical examination. When negotiations failed, Smith filed an action against Jennings in the Houston County Circuit Court on March 28, 1984, for damages for personal injuries. Jennings interposed the defense that Smith had executed a release to State Farm of all claims for property damage and personal injuries by indorsing and cashing the check. Jennings then moved for summary judgment.
At the hearing on the summary judgment motion, Smith admitted that he had signed the release, but he insisted that State Farm agent Elaine Strange had told him that he was merely settling his claim for property damage, not his claim for personal injuries. Rejecting these arguments, the trial court granted summary judgment for Jennings on the basis of Conley v. HarryJ. Whelchel Co., 410 So.2d 14 (Ala. 1982), hereinafter ConleyI. Smith's motion for a rehearing was denied. No appeal was taken from that summary judgment.
Smith then filed this action on December 21, 1984, against State Farm and Strange in Jefferson County Circuit Court, alleging fraud in the procurement of the release. In their motion to dismiss, the defendants argued that the action was barred under the doctrine of collateral estoppel by the summary judgment granted in favor of Jennings in the Houston County court. The trial court, treating the motion for dismissal as one for summary judgment, decided in favor of State Farm and Strange. Smith appeals.
The sole issue is whether an action for fraud in the procurement of a release is barred by a prior judgment in an action for damages for personal injuries in which the release was upheld.
As Conley I controlled Smith's prior action, this case is controlled by Conley v. Beaver, 437 So.2d 1267 (Ala. 1983), hereinafter Conley II. In Conley I, we held:
 "In the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged from what appears within the four corners of the instrument itself and parol evidence is not admissible to impeach it or vary its terms. Miles v. Barrett, [223 Ala. 293, 134 So. 661
(1931)]."
410 So.2d at 15. We further stated that the appellant in ConleyI could have attempted either to avoid or rescind the entire release on the grounds of mutual mistake, fraud, or misrepresentation, or to reform the instrument to reflect the true intention of the parties. Id.
After Conley I was decided, the same appellant brought an action to reform the release on the grounds that it did not reflect the intention of the parties because of mutual mistake or fraud. In Conley II, we held "that the issue respecting the validity and the effect of the release was concluded *Page 9 
in the prior action" because of collateral estoppel (or issue preclusion). 437 So.2d at 1269. Quoting from Wheeler v. FirstAlabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala. 1978), we stated:
 "Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estoppel to operate are: (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment. . . . If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit. Gulf American Fire Casualty [Co.] v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968)."
437 So.2d at 1269. Applying the law of collateral estoppel, we stated in Conley II:
 "The issue in the prior case was whether the release was a bar to recovery. This same issue is presented in appellants' petition for reformation. The issue decided in the prior case was clearly necessary and that issue was actually litigated and determined by the trial court. . . ."
437 So.2d at 1270.
As in Conley II, by applying the law of collateral estoppel to the present case, we hold that the prior judgment bars the relitigation of the validity of the release. First, the issue of the validity of the release raised in the fraud action before us is identical to the one raised previously, when Jennings interposed the affirmative defense of the executed release and Smith contested its validity. Second, the issue of the release was actually litigated in the prior action. At the summary judgment hearing and on motion for rehearing in that case, Smith argued that Strange had misrepresented to him the scope of the release. Third, the resolution of the issue of validity was necessary to the prior judgment. Conley I states that an unambiguous release, supported by valuable consideration, will be given effect "in the absence of fraud." The trial court in the prior action in Houston County upheld the release although Smith asserted that it had been procured by fraud. Consequently, we must assume that the trial court found no fraud.
We hold that the prior judgment upholding the release in Smith's action for personal injuries bars his subsequent action for fraud in the procurement of the release.
The judgment of the trial court is affirmed.
AFFIRMED.
JONES, BEATTY, ADAMS and HOUSTON, JJ., concur.