**WEAVER CORPORATION, Plaintiff,**

v.

**KIDDE, INC., Defendant.**

**No. 88 Civ. 0546 (MBM).**

United States District Court, S.D. New York.

Dec. 6, 1988.

**62**

T. Barry Kingham (Stuart Fullerton, of counsel), Curtis, Mallet–Prevost, Colt & Mosle, New York City, for plaintiff.

H. Adam Prussin (Richard L. Levine, of counsel), Weil, Gotshal & Manges, New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Weaver Corporation filed this declaratory judgment action against Kidde, Inc. to enforce an alleged contractual obligation indemnifying Weaver for personal injury and product liability lawsuits resulting from accidents involving equipment manufactured by Kidde's former subsidiary, Dura Corporation. Dura's assets were purchased by Weaver in 1982. Kidde now seeks to dismiss or stay this action arguing that Weaver is precluded from raising this issue by reason of a summary judgment order entered by an Alabama state court or, in the alternative, requesting that this court abstain from deciding this case until the state court action is completed. As set forth below, I deny the motion to dismiss, but stay the action pending entry of final judgment in the Alabama action. Accordingly, I do not reach the abstention question.

The underlying events leading to these motions need only briefly be described. In early 1982, Weaver's predecessor-in-interest, Paris Acquisition Corp., purchased the assets of Kidde's subsidiary, Dura. Dura manufactured hydraulic lifts used in automobile repair. Under the agreement, Kidde agreed to assume all liability for personal injury and product liability suits arising from operation of lifts manufactured and sold by Dura prior to February 12, 1982, the closing date of the purchase. This dispute concerns whether the parties limited Kidde's exposure to those product liability and personal injury claims of which Kidde received notice within three years of the date of the purchase agreement.

At issue here is a personal injury suit filed in December 1985 in Alabama state court against Weaver. Laymond Delawder's representatives sued Weaver and others for a fatal accident involving a hydraulic lift. Weaver promptly filed a third-party complaint against Kidde, alleging that Kidde was required to indemnify Weaver under the terms of the agreement. On May 6, 1987, Kidde filed a motion to dismiss the third-party complaint, asserting that the contract limited indemnity to claims received within three years of the contract date. Kidde argued that the Delawder claim was not received within the three-year period.

In January 1988, Weaver began this action seeking a declaration that the three-year limitations period did not apply to product liability or personal injury claims. At a hearing on Kidde's motion to dismiss the Alabama action on July 9, 1987, the Alabama state court elected to treat Kidde's motion as one for summary judgment. On May 6, 1988 Weaver moved for summary judgment on Delawder's complaint. On May 20, 1988, the state court plaintiff amended the complaint to assert direct claims against Kidde and Dura.

On May 24, 1988, the Alabama court granted both Kidde's and Weaver's summary judgment motions. The order reads, in relevant part:

1. Third-party defendant Kidde, Inc., is dismissed as third-party defendant. This ruling does not affect Kidde, Inc.'s status as defendant pursuant to amendment filed by plaintiff.

2. Motion for Summary Judgment by defendant, Weaver Corporation, is granted as to direct product liability claims as expressed in the original Complaint. This ruling does not affect the claims against Weaver Corporation on a theory of successor liability in a products liability context as pled by plaintiff by amendment.

Defendant now argues that the action in this court should be dismissed because the grant of partial summary judgment on the third-party complaint in the Alabama action collaterally estops Weaver on the very issue presented in this action. In the alternative, defendant maintains this court should dismiss or stay this action pending resolution of the matter in the Alabama state court. For the reasons below, I find that the Alabama judgment does not preclude litigation of the issue of contract interpretation here, but find that a stay is warranted pending entry of final judgment in the state court suit.

The principles of the state in which the prior judgment was rendered—here, Alabama—control whether the state court's grant of summary judgment has preclusive effect here. *Marrese v. American Academy of Ortho. Surgeons*, 470 U.S. 373, 380,

105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982).

Alabama issue preclusion jurisprudence is somewhat obscure, as the Alabama Supreme Court itself has recently acknowledged. *Little v. Pizza Wagon, Inc.*, 432 So.2d 1269, 1273 (Ala.1983) (Jones, J., concurring) ("This Court has been criticized for lacking 'terminological precision and consistency' in cases involving preclusion issues.") *See generally*, Note, *Issue Preclusion in Alabama*, 32 Ala.L.Rev. 500, 502 & n. 20 (1981). The Alabama Supreme Court is not alone in this confusion, so I will briefly explain the various legal terms at issue here.

Perhaps most problematic is the distinction between claim preclusion and issue preclusion or collateral estoppel. The best description of this fundamental difference is contained in 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 4406 at 43–44 (1981):

Prior judgments may preclude later litigation both as to matters that have actually been litigated and decided and as to matters that have never been litigated or decided.... The rules that control efforts to reopen matters that have been decided respond to the obvious desire to avoid repetitive consideration of the very same problems. These rules are commonly described as the rules of issue preclusion or collateral estoppel ... The rules that preclude any litigation of matters that have never been litigated or decided respond to more complex desires to force the parties to raise them in their first suit on pain of subsequent forfeiture. These rules defining the matters that ought to have been raised are most conveniently described as the rules of claim preclusion....

One difficulty is that courts use "res judicata" for two different concepts. Some use it to mean claim preclusion. Others employ res judicata in a general sense, to encompass both claim and issue preclusion. Alabama courts have used the term in both

the general sense and in reference to claim preclusion. *Compare Owen v. Miller,* 414 So.2d 889, 891 (1982) (res judicata in the general sense) *with Alabama Farm Bureau Mut. Casualty Ins. Co. v. Moore,* 349 So.2d 1113, 1116 (Ala.1977) (res judicata as claim preclusion). For ease of understanding, I will refer to claim or issue preclusion, not to res judicata.

The Alabama Supreme Court set forth some of the elements of issue preclusion in *Wheeler v. First Alabama Bank,* 364 So.2d 1190, 1199 (Ala.1978): (1) the issue must be identical to one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) resolution of the issue was necessary to the prior judgment. As later court decisions indicate, however, there is a fourth—and for this case—crucial requirement: that the prior judgment be both valid and final. *Pizza Wagon,* 432 So.2d at 1273 (Jones, J., concurring) (adding fourth element of "validity and finality of the judgment on the merits of the claim"); *Miller,* 414 So.2d at 891 ("[f]inally, the validity of the judgment in the prior proceeding is not questioned"); *Issue Preclusion,* 32 Ala.L.Rev. at 511.

Although defendant contests the first three criteria, the order here in dispute clearly meets them. First, the issue to be litigated in this action is identical to the issue in the Alabama action: whether the three-year limitations period is applicable to product liability or personal injury actions. Weaver's third-party complaint in the Alabama is based solely on the agreement's indemnity provision. Indeed, Weaver raised no other issues in its opposition to Kidde's motion.

Weaver, in response, argues that we cannot know what was litigated because the state court omitted any grounds for its decision in its May 24 order. In *Smith v. State Farm Mutual Ins. Co.,* 494 So.2d 7, 9 (Ala.1986), the Alabama Supreme Court applied issue preclusion even though the basis of the decision granting summary judgment in the prior action was not specified, because the record revealed that the same issue actually had been litigated and its resolution had been necessary to the

court's decision. Here, the pleadings and other materials convincingly show that the indemnification provision's coverage was the sole issue in dispute between Kidde and Weaver in the state court action. Thus, Kidde has met its burden of showing that the issue sought to be precluded was actually decided by the prior judgment. *Fisher v. Space of Pensacola, Inc.,* 461 So.2d 790, 791–92 (Ala.1984).

The major issue in contention is what constitutes finality of judgment for issue preclusion purposes. Plaintiff argues that the summary judgment order is not final because it is not appealable, noting that Ala.R.Civ.P. 54(b) provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.... [A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time* before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (emphasis added)

Defendant, upon motion to the Alabama court, sought to certify the grant of summary judgment as immediately appealable. Judge Hanes denied the motion, noting that Kidde will remain a party because the main plaintiff in that action has filed a direct claim against it. Defendant maintains that, although the order is not appealable, it is sufficiently "final" for purposes of issue preclusion.

Alabama jurisprudence is not clear on this point, largely because Alabama courts have not decided just what constitutes a final judgment for issue preclusion

purposes. *See, Issue Preclusion*, 32 Ala.L. Rev. at 511 ("Alabama courts have provided few guidelines for determining finality except by way of analogy.") What guidance the courts have offered suggests that Alabama equates finality with appealability. In *Sterling Oil of Oklahoma, Inc. v. Pack*, 291 Ala. 727, 287 So.2d 847, 861 & n. 3 (1973), the Alabama Supreme Court construed finality in a federal summary judgment proceeding to be appealability under 28 U.S.C. § 1291 (1982), noting "[w]e believe the appealable nature of such order ... is the controlling factor [of whether a decision is final]." Similarly, then, for an Alabama state court decision to yield issue preclusion would require that it be entered pursuant to Rule 54 or 58 of the Alabama Rules of Civil Procedure and thus appealable. Absent certification, a summary judgment motion like the one at hand is not appealable and thus has no preclusive effect.

Defendant claims that *Sterling Oil* concerns claim preclusion, not issue preclusion, and is thus not applicable to the situation at hand. The *Sterling Oil* decision refers throughout to "res judicata," which defendant asserts is synonymous with claim preclusion. The facts in *Sterling Oil*, although somewhat convoluted, demonstrate that the case involved issue preclusion and that res judicata was used to refer to preclusion analysis in general, not solely to claim preclusion. In that case, a federal court had granted partial summary judgment on the issue of whether a contract was void for failure of one party to qualify as a foreign corporation in Alabama at the time of the contract's execution. The court found that the contract was not void for failure to qualify. Subsequently, a state court ruled the contract void, apparently on another ground. Appellants before the Alabama Supreme Court argued that the prior federal decision had foreclosed relitigation of that issue and the court agreed. The court then went on to consider whether other issues, economic duress or fraud, voided the contract. If the *Sterling Oil* court were applying principles of claim preclusion, a determination that the federal court decision settled the validity of the

contract would have obviated discussion of the other reasons for invalidating the contract. The *Sterling Oil* case was thus an issue preclusion case. *See also, Issue Preclusion*, 32 Ala.L.Rev. at 511 (referring to *Sterling Oil* as an issue preclusion case).

Defendant also posits that Alabama courts are following a few recent federal court cases which treat appealability as not necessarily the *sine qua non* of finality for issue preclusion purposes. Claim preclusion in federal court still requires that a decision be appealable; even as to issue preclusion, there is considerable controversy on this point. *Compare Alexander v. Chicago Park Dist.*, 773 F.2d 850, 855–56 (7th Cir.1985), *cert. denied*, 475 U.S. 1095, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986) (judgment disposing of part of case final under Fed.R.Civ.P. 54(b) but not appealable, sufficient for issue preclusion) *with Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265 (5th Cir.1986) (partial summary judgment not appealable and thus not final for issue preclusion in later action); *See generally* Wright & Miller, § 4434 at 321–328 (1981).

In support of its position, defendant relies principally on a 1958 Alabama case, *Ex Parte Aufill*, 268 Ala. 43, 104 So.2d 897 (1958), which held that an "interlocutory decree of divorce" entered by a California court in favor of a wife precluded a later action for divorce brought by the husband who claimed to have been improperly served in California. Defendant argues that *Aufill* demonstrates that in Alabama issue preclusion does not presuppose appealability. *Aufill* could not possibly stand for such a broad proposition. Until Judge Friendly's opinion in *Lummus Co. v. Commonwealth Refining Co.*, 297 F.2d 80, 89–90 (2d Cir.1961), *cert. denied*, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962), the traditional view identified finality for issue preclusion with appealability. *See* Wright & Miller, § 4432 at 298–99. There is simply no indication in *Aufill* that the Alabama Supreme Court was grappling with this issue. Rather, *Aufill* seems limited to divorce proceedings and jurisdictional challenges. Moreover, the court obviously

questioned whether the order, although styled "interlocutory" by the court, was not in fact final.

Defendant argues that, in the absence of clear guidance in state court decisions, this court should follow this "modern" view. However, the issue remains hotly contested in federal courts. I am not willing to make the leap of logic necessary to find that Alabama courts would adopt such a rule. To the contrary, *Sterling Oil* offers an indication that Alabama courts would not find the decision involved here final for issue preclusion purposes.

■ Nevertheless, defendant is correct that *Sterling Oil* is at best only a hint as to how the Alabama courts would resolve this issue. Moreover, although *Aufill* seems to be an oddity, it demonstrates that the Alabama courts might choose a contrary path. Accordingly, although dismissal is thus out of the question, a stay would seem appropriate. In an analogous situation, the Third Circuit was confronted with uncertain state law as to whether a Pennsylvania judgment should command preclusive effect pending appeal. *Bailey v. Ness*, 733 F.2d 279, 282 (3rd Cir.1984). Hoping to avoid "the risk of misinterpreting state law," the court determined that the wiser course would be to stay the federal action pending completion of the state court appeal. *Ness*, 733 F.2d at 282. Similarly, here, staying the federal action pending entry of final judgment in state court prevents any misinterpretation of Alabama state law on this issue, while it protects defendant from the cost and expense of multiple law suits on the same issue. A stay would also foreclose the very real danger of inconsistent decisions and concomitant waste of judicial resources. Judge Hanes, as the state court papers indicate, has already decided the only issue of concern here—namely, whether the purchase agreement covers personal injury and product liability suits of which Kidde is notified after the expiration of the three-year period. Relitigation at this point would be senseless and wasteful.

Moreover, any delay will be minimal. On October 11, 1988, Kidde filed a motion for summary judgment to dismiss plaintiff's direct claim against it. That motion is now pending and, if Kidde prevails, entry of a final judgment will have preclusive effect despite the pendency of an appeal. *Alabama Power Co. v. Thompson*, 250 Ala. 7, 32 So.2d 795, 800 (1947).

In sum, although Judge Hanes' May 24 order does not have collateral estoppel effect on the issue before the court as to the contractual indemnity provision's coverage, and thus does not warrant dismissal, a stay of this case is in order pending entry of final judgment in the Alabama action. Accordingly, this action is stayed and placed on the suspense calendar pending further order of the court.

SO ORDERED.