RICHARD L. HOLMES, Retired Appellate Judge.
Russell Pruitt appeals from a summary judgment entered on June 27, 1995, in favor of Circuit City Stores, Inc. (Circuit City).
Our review of the record reveals the following pertinent facts: Pruitt purchased an air conditioner from Circuit City. The air conditioner allegedly caught on fire. Thereafter, Circuit City denied any liability, but offered to replace the air conditioner at no cost to Pruitt. Pruitt declined this offer and, instead, requested that Circuit City reimburse him for all his out-of-pocket expenses, which included the cost of the air-conditioner, his insurance deductible, his attorney’s fees, and the cost of the certified mail. These expenses were excluded from Pruitt’s insurance claim.
For consideration, Pruitt’s attorney sent Circuit City a release, signed by Pruitt, which forever released Circuit City from any causes of action arising from the fire. Thereafter, Circuit City tendered to Pruitt a cheek in the amount of $1,033.82. Pruitt, however, declined to cash the check because the back of the check contained a stamped *1168 release absolving Circuit City from any future claims arising out of the air conditioner incident. At that point, Pruitt’s attorney sent Circuit City another release, which was worded differently from the original release.
On appeal, the dispositive issue is whether the trial court improperly granted the summary judgment motion in favor of Circuit City, based on the terms of the original release drafted by Pruitt’s attorney and signed by Pruitt.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie case showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
Additionally, § 12-21-109, Ala.Code 1975, states that “[a]ll ... releases ... must have effect according to their terms and the intentions of the parties thereto.” Furthermore, our supreme court, in Conley v. Harry J. Whelchel Co., 410 So.2d 14, 15 (Ala.1982), stated the following:
“In the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged from what appears within the four corners of the instrument itself and parol evidence is not admissible to impeach it or vary its terms.”
Therefore, when a release is otherwise unambiguous, its construction and legal effect, being questions of law, may be decided under proper circumstances by a summary judgment. Boggan v. Waste Away Group, Inc., 585 So.2d 1357 (Ala.1991).
On appeal, Pruitt contends that he agreed to release Circuit City for his out-of-pocket expenses only, and not for any applicable insurance claim. Pruitt contends that Circuit City knew that he had a claim pending with his insurance company and that it would have created liability to him had he endorsed the check, which included the standard release. Specifically, Pruitt contends that Circuit City committed a breach by including the stamped release on the back of its check.
Circuit City, however, contends that the release included on the back of its check was its standard release and that the release was in accordance with the release that it received from Pruitt’s attorney. Circuit City further contends that it fully complied with the release that it received from Pruitt’s attorney.
In support of its motion for a summary judgment, Circuit City filed its brief, accompanied by the pleadings and the discovery of the parties. Pruitt responded with his brief and his affidavit, as well as the pleadings and the discovery of the parties.
Circuit City presented the letter that Pruitt’s attorney sent for the purpose of negotiating a settlement. The letter was dated November 10, 1993, and, in pertinent part, states the following: “Pruitt would simply like reimbursement of the cost he has expended in regards to this matter ... [t]he above listed cost was incurred by Pruitt personally and excluded from any applicable insurance claim.”
Thereafter, Circuit City presented a copy of the release that it received from Pruitt’s attorney. The release was dated November 18, 1993, and was signed by Pruitt. The release reads as follows:
“FOR THE SOLE CONSIDERATION of One Thousand Thirty Three 82/100 ($1033.82) Dollars, paid by CIRCUIT CITY STORES, INC., receipt being hereby acknowledged, I, Russell Pruitt, have remised, released and forever discharged and do by this instrument, for myself ... release and forever discharge CIRCUIT *1169 CITY STORES, INC., ... of and from all actions, causes of action, suits, debts, dues, sums of money, accounts reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or equity or otherwise, which arose as a result of a fire caused in my home on July 10, 1993, which resulted from an air conditioning] unit purchased from Circuit City.”
Circuit City then introduced the cheek, dated December 1, 1993, that it tendered to Pruitt. The back of the check contained the following stamp, which Circuit City contends is its standard release: “The check is tendered as payment in full for all claims made by the endorser against Circuit City Stores, Inc., and absolves Circuit City Stores, Inc., from any future claims regarding incident.”
In response to Circuit City’s check, Pruitt’s attorney sent the following letter to Circuit City dated December 16, 1993. The pertinent part of the letter states as follows:
“When I reviewed your check, I noticed Circuit City’s stamp that your check represent[s] full payment of all claims made by the endorser and absolves Circuit City from any future claims. This stamp has prompted me to include on the release a statement to the effect that the said release is only for personal expenses incurred by Pruitt and excluded from any 'applicable insurance claim_”
Pruitt’s attorney attached yet another release to this letter and sent it to Circuit City. It is undisputed that the language on the second release did not appear on the original release sent to Circuit City.
Finally, Circuit City attached a copy of Pruitt’s answers to its interrogatories. Specifically, in regard to question two, Pruitt responded as follows:
“2. Verbal agreement between Richard Sharp, President of Circuit City and myself. The substance of the agreement was that Circuit City would pay for all of the personal expenses I incurred excluding any insurance payment as a result of the fire caused in my home on July 10, 1993, that resulted from an air condition[ing] unit purchased from Circuit City. In exchange for said payment I would grant Circuit City a release from any legal actions.”
In reviewing all the evidence, we find that the release, drafted by Pruitt’s attorney and sent to Circuit City, was a full release. In fact, the release states that Circuit City is forever released from all causes of action. In judging the language appearing in the four corners of the release, we find that the release is unambiguous in its meaning and complete on its face. Therefore, parol evidence is not admissible to impeach or to vary its terms. Conley, supra.
We might also add that the stamped release on the back of Circuit City’s check is nothing more than a shorter restatement of the original release signed by Pruitt.
In fight of the above, Pruitt failed to meet his burden of proving the existence of a genuine issue of a material fact. Consequently, the trial court properly entered the summary judgment in favor of Circuit City.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on áetive duty status as a Judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.