This is an appeal from a summary judgment in favor of the defendants in an automobile rear end collision case, on the grounds that the plaintiff had signed a release of all claims. We affirm.
On August 14, 1987, Larry Earl Pettiway, an employee of Waste Away Group, Inc., drove a truck into the rear end of a 1980 Oldsmobile Delta 88 Royale automobile owned by Robert L. Boggan and being driven by his son, Robert Glenn Boggan. Following the accident, a claim was filed by Robert L. Boggan with Waste Away's insurance carrier, St. Paul Insurance Company. Negotiations for settlement of the claim began between St. Paul's agent and Robert L. Boggan.
On September 16, 1987, an attorney hired by Mr. Boggan became involved in the negotiations. A settlement agreement was reached, and St. Paul's agent sent a release form to the attorney for the Boggans. On October 2, 1987, Robert L. Boggan and Robert Glenn Boggan both signed a document entitled "Full and Final Release of All Claims" and they received a check for $4,236.57.
A week after the release was signed, Robert Glenn Boggan began to experience pains in his neck and shoulder. He was diagnosed as having a ruptured disc resulting from the accident. The Boggans sought to rescind the release, but St. Paul refused to do.
The Boggans then filed suit in the Circuit Court of Montgomery County, Alabama, against Waste Away Group, Inc., and Larry Earl Pettiway, alleging negligence and wantonness. The defendants answered the complaint, asserting release and satisfaction as an affirmative defense. The defendants then moved for a summary judgment, which was entered by the trial judge on January 31, 1991. This appeal followed.
The sole issue before this Court is whether the trial judge erred in entering the summary judgment for the defendants based on the terms of the release. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in the light most favorable to the nonmovant. See Turner v.Systems Fuel, Inc., 475 So.2d 539, 541 (Ala. 1985); Ryan v.Charles *Page 1359 Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981).
Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Alabama Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
On appeal from a summary judgment, this Court must look to the same factors considered by the trial court in its ruling on the motion. Jehle-Slauson Const. Co. v. Hood-Rich, Architects Consulting Engineers, 435 So.2d 716 (Ala. 1983). The trial judge wrote:
 "This Court finds that there are no issues of material fact left to be resolved, [and] that Defendant is entitled to a judgment as a matter of law. This Court finds that pursuant to the legal authority submitted to it on Motion for Summary Judgment, and the oral hearing conducted by this Court, the Plaintiff, by the signing of the release in this case, cannot now seek any monies under contract nor any tort remedy from Defendant regardless of whether Plaintiff realized he was injured at the time he signed the release."
The record reflects that the trial judge had before him the defendants' request for admissions from the plaintiff and the plaintiff's response. Robert Glenn Boggan admitted in his response to the request for admissions (1) that he and his father signed the "Full and Final Release of all Claims" on or about October 2, 1987; (2) that they were of sound mind and able to read the release at the time they executed the document; (3) that they were not under duress when they signed the release; (4) that at the time the release was signed, it contained the following language:
 "[T]he undersigned do hereby acknowledge receipt of a draft for Four Thousand Two Hundred Thirty Six and 57/100 Dollars which draft is accepted in full compromise settlement and satisfaction of, and as sole consideration for the final release and discharge of, all actions, claims and demands whatsoever, that now exist, or may thereafter [sic] accrue, against Waste Away Group Inc. and the St. Paul Insurance Companies and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, and the consequences flowing therefrom, as the result of an accident, casualty or event which occurred on or about the 14th day of August, 1987 at or near Montgomery, Alabama."
(5) that he and his father were represented by counsel at the time they signed the release; (6) "that he and his father had an opportunity to read the release prior to it being signed"; (7) "that the signatures were notarized by a notary"; and (8) that "Glenn Boggan received from his father all of the money that was given to his father."
The applicable Alabama law as to releases is found in Alabama Code 1975, § 12-21-109:
 "All receipts, releases and discharges in writing, whether of a debt of record, a contract under seal or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto."
"It is a well settled statement of law that 'in the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged by the court from what appears within the four corners of the instrument itself, and parol evidence is not admissible to impeach or vary its terms.' " Jehle-Slauson Const. Co., supra, at 719-20, quoting Conley v.Harry J. Welchel Co., 410 So.2d 14 (Ala. 1982).
This Court has said: " 'The construction of a written document is a function of the *Page 1360 
court. If the document is unambiguous, its construction and legal effect are a question of law which may be decided under appropriate circumstances, by summary judgment.' "Jehle-Slauson Const. Co., supra, at 720, quoting Wheeler v.First Alabama Bank of Birmingham, 364 So.2d 1190, 1194 (Ala. 1978). The trial judge held that this was a valid release and that the entry of a summary judgment was appropriate in this case.
The plaintiff concedes in his brief to this Court "that under the current status of Alabama law, he is precluded from bringing an action for injuries unknown at the time of the signing of the release when that release covers both known and unknown injuries." However, the plaintiff urges this Court to adopt a "better reasoned rule." We decline to do so. The rule adopted by the Alabama Legislature is sustained by a wealth of authority, and by sound reason. State Farm Mut. Auto. Ins. Co.v. Brackett, 527 So.2d 1249, 1252 (Ala. 1988).
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.