C. O. Kidd sued Kilpatrick Chevrolet, Inc., a licensed General Motors dealership, alleging among other things, fraud and breach of warranty arising out of the sale to Kidd of a motor vehicle that Kidd alleges had been wrecked or damaged before the sale. Kilpatrick moved for a summary judgment; the trial court granted the motion and made the judgment final pursuant to Rule 54(b), A.R.Civ.P.[1] Kidd appeals. We affirm. *Page 337 
Both parties agree that for purposes of this appeal the following material facts are basically undisputed:
The vehicle at issue in this case is a 1990 Chevrolet Caprice automobile, which was manufactured by General Motors Corporation. Around December 12, 1989, General Motors delivered the vehicle to CSX Railroad for delivery to Commercial Carriers, Inc. On December 18, 1989, Commercial Carriers received the vehicle. On December 22, 1989, Commercial Carriers delivered the vehicle to Robertson Chevrolet, Inc., a licensed General Motors dealership in Fort Payne, Alabama, where the vehicle was received into Robertson's inventory of new cars. By invoice dated December 26, 1989, Robertson Chevrolet transferred the vehicle to Kilpatrick's automobile sales lot in Boaz, Alabama.
In late 1989, after looking at several dealerships in Birmingham for a new vehicle with certain specifications, but not finding exactly what he wanted, Kidd contacted his wife's nephew, Joey Yarbrough, a salesman at Joe V. Clayton Chevrolet, Inc., a licensed General Motors dealership, and gave Yarbrough a description of the specific equipment Kidd wanted on the vehicle. Through a computer linkup that General Motors maintains with its dealerships, Yarbrough located the vehicle at Kilpatrick.[2] Thereafter, Yarbrough telephoned Kidd to tell him about locating the vehicle that met Kidd's specifications. After inquiring about the price, Kidd told Yarbrough to order the vehicle.
Subsequently, Yarbrough telephoned Kilpatrick and asked if it would "swap" another vehicle for the one that Kidd wanted to purchase. Kilpatrick agreed, and on January 12, 1990, Kilpatrick transferred the vehicle to Clayton Chevrolet. Clayton Chevrolet then sent a driver for the vehicle, and Yarbrough telephoned Kidd to come pick up the vehicle at Clayton Chevrolet. When the driver returned to Clayton Chevrolet, it was dark and the weather was rainy. Yarbrough sent the vehicle to be cleaned; after it was cleaned he and Kidd walked around the vehicle and drove it around the block before Kidd took it home. When the vehicle was delivered to Kidd, the "1990 Warranty and Owner Information" book was in the glove compartment.
Kidd began having trouble with the vehicle. Later, when Clayton Chevrolet inspected the vehicle, it found that the vehicle had been damaged and had been improperly repaired. Ken Sexton, the president of Kilpatrick, testified that Kilpatrick typically did not perform large-scale inspections when receiving automobiles in dealer trades, but rather visually inspected the vehicles when they were received from other dealerships. Sexton further testified that Kilpatrick would not have accepted the vehicle as a dealer trade from Robertson Chevrolet if it had not been in a presentable condition and that, so far as he knew, the vehicle had not been damaged before it arrived at Kilpatrick and it was not wrecked or damaged while it was at Kilpatrick. Kilpatrick did not conduct a large-scale inspection of the vehicle upon receiving it from Robertson Chevrolet or before transferring it to Clayton Chevrolet.
In entering a judgment for Kilpatrick on Kidd's breach of warranty claim and fraud claim, the trial court found that there was no substantial evidence (1) that the alleged damage was caused by Kilpatrick; (2) that the damage was repaired by Kilpatrick; (3) that Kilpatrick had any dealings with Kidd on a personal basis; or (4) that a detailed examination would have revealed the repaired damage. *Page 338 
The summary judgment was proper if there was no genuine issue of material fact and Kilpatrick was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on Kilpatrick to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If it made that showing, then the burden shifted to Kidd to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. In determining whether there was a genuine issue of material fact, we must view the evidence in a light most favorable to Kidd and must resolve all reasonable doubts against Kilpatrick. Stafford v. Mississippi Valley Title Ins.Co., 569 So.2d 720 (Ala. 1990). Because this case was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12.
From a review of the record, we conclude that Kilpatrick made a prima facie showing that it breached no contract or duty imposed by law and that it made no misrepresentation of material fact in connection with the transfer/swap of the vehicle to Clayton Chevrolet, the dealership that sold the vehicle to Kidd. The burden therefore shifted to Kidd to present substantial evidence in support of each element of his cause of action so as to preclude the entry of a summary judgment for Kilpatrick.
Kidd maintains that he presented substantial evidence that Kilpatrick's failure to examine the vehicle and to determine whether it was a "new" vehicle "prior to placing the vehicle in the stream of commerce . . . constituted either a deliberate or [a] mistaken misrepresentation."
Viewing the evidence in the light most favorable to Kidd as the nonmoving party, we find no evidence of fraud — no evidence that Kilpatrick made a false representation to Kidd upon which he relied. See Fincher v. Robinson BrothersLincoln-Mercury, Inc. 583 So.2d 256 (Ala. 1991). According to Kidd's deposition testimony, he never spoke with anyone at Kilpatrick about purchasing the vehicle or about the damage to the vehicle and no one at Kilpatrick ever told Kidd or anyone at Clayton Chevrolet that the transferred vehicle was "new." Furthermore, according to Kidd's deposition testimony, he had no idea when he decided to purchase the vehicle that it had been transferred from Kilpatrick to Clayton Chevrolet.
For the foregoing reasons, the trial court correctly entered the judgment for Kilpatrick on Kidd's fraud claim.
Kidd also maintains that Kilpatrick breached the implied warranty of merchantability — that there was privity between him as the purchaser and Kilpatrick as the transferor and that he was a third-party beneficiary as to the implied warranties made by Kilpatrick. See Ala. Code 1975, § 7-2-314 ("Implied Warranty: Merchantability") and Ala. Code 1975, § 7-2-318
("Third-party beneficiaries of warranties . . . implied").
Alabama has abolished privity requirements in actions involving personal injuries, but in actions where the claim alleges purely economic injury, such as this case, privity is still required. However, §§ 7-2-314 and 7-2-318 speak in terms of "seller," which is defined in § 7-2-103(1)(d), as "a person who sells or contracts to sell goods." Under the particular facts of this case, Kilpatrick is not a "seller" — it did not sell the vehicle to Kidd; it transferred the vehicle to Clayton Chevrolet and Clayton Chevrolet sold the vehicle to Kidd. Therefore, because Kilpatrick was not the "seller," the implied warranty sections are not applicable. See, e.g., WellcraftMarine v. Zarzour, 577 So.2d 414 (Ala. 1990).
The trial court correctly entered the judgment for Kilpatrick on Kidd's claim that it breached the implied warranty of merchantability.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Kidd also sued General Motors Corporation; Robertson Chevrolet, Inc.; Joe V. Clayton Chevrolet, Inc.; Commercial Carriers, Inc.; and CSX Railroad. Commercial Carriers and General Motors moved for summary judgments. The trial court entered a judgment for Commercial Carriers, making the judgment final pursuant to Rule 54(b), A.R.Civ.P.; Kidd has not appealed from that judgment. The trial court denied General Motors' motion for summary judgment. The claims against General Motors, Robertson Chevrolet, Joe V. Clayton Chevrolet, and CSX Railroad are pending below.
We note that Kidd's complaint contained claims other than breach of warranty and fraud. However, the only claims Kidd argues on appeal are those for breach of warranty and fraud.
[2] The computer linkup is part of General Motors' marketing program that enables every General Motors dealer to determine which vehicles are located at other General Motors dealerships, so as to assist the dealerships in selling the vehicles manufactured by General Motors. *Page 339