276 Neb. 926
LEE APPLEBY, PERSONAL REPRESENTATIVE OF THE ESTATE OF OPAL SHEPARD, DECEASED, APPELLANT,
v.
STANLEY ANDREASEN AND NEW YORK LIFE INSURANCE/NEW YORK LIFE INSURANCE AND ANNUITY COMPANY, APPELLEES.
No. S-07-780.
Court of Appeals of Nebraska.
Filed December 19, 2008.
Gail E. boliver, of boliver Law Firm, for appellant.
Kevin R. McManaman and Jocelyn W. Golden, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P, and Joseph A. Wilkins, of Heinisch Law office, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Opal Shepard filed an action against Stanley Andreasen and New York Life Insurance/New York Life Insurance and Annuity Company (New York Life) asserting various causes of action premised on her allegation that Andreasen and New York Life gave her improper financial advice regarding multiple life insurance products. The district court for Burt County granted summary judgment in favor of Andreasen and new York Life on various bases, including its determinations that Shepard's claims were previously disposed of in a national class action and that Shepard had failed to submit evidence preventing judgment in favor of Andreasen and New York Life. Shepard appeals the summary judgment.
We note that this court was informed that Shepard died after this appeal was filed. We granted a motion to substitute the estate of Opal Shepard, by the personal representative, Lee Appleby, as the plaintiff-appellant in this case. Hereinafter, we use "Shepard" to refer to both Opal Shepard and the estate.
Because we conclude that the settlement in the class action released Andreasen and New York Life from liability on Shepard's claims and that Shepard failed to introduce evidence to the contrary, we affirm the summary judgment in favor of Andreasen and New York Life.

STATEMENT OF FACTS
In 1987, when she was 72 years old and a widow living in Oakland, Nebraska, Shepard met with Andreasen, a general agent for New York Life who was licensed to sell both insurance and securities. Over the following years, Andreasen sold Shepard various life insurance policies, as well as shares of various mutual funds and other investment products.
On April 11, 2005, Shepard filed the present action against Andreasen and New York Life, generally asserting that Andreasen misrepresented certain facts and improperly advised her that certain life insurance products were suitable investments for her. In her complaint, Shepard asserted various causes of action and theories of recovery, including negligence, breach of fiduciary duty, misrepresentation, negligent misrepresentation, negligent supervision, and breach of contract. She generally alleged that Andreasen and New York Life failed to give her proper financial advice concerning the investment of her resources and, in particular, that they recommended purchases and sales of multiple insurance products which caused her to incur significant losses. Shepard sought compensation for her losses.
Andreasen and New York Life answered and generally denied most of Shepard's allegations. They also asserted affirmative defenses, including statutes of limitations and laches.
On March 15, 2007, Andreasen and New York Life moved for summary judgment on the bases of (1) class action preclusion, (2) statutes of limitations, and (3) lack of evidence to support Shepard's claims. With regard to class action preclusion, they asserted that Shepard's claims against them had already been litigated and resolved pursuant to a nationwide class action in Willson v. New York Life Ins. Co., No. 94/127804, 1995 N.Y. Misc. LEXIS 652 (N.Y. Sup. Nov. 8, 1995) (Willson). With regard to statutes of limitations, Andreasen and New York Life asserted that Shepard's claims were premised on 15 life insurance policies purchased from 1987 through 1992, 12 of which were surrendered or canceled between 1993 and 1997. They argued that Shepard's action filed in 2005 was barred by the applicable statutes of limitations.
A hearing on the motion for summary judgment was held April 16, 2007. The court received evidence offered by Andreasen and New York Life in support of their motion, including a letter from Shepard's counsel clarifying and listing the policies that were the subject of Shepard's claims. The evidence also included the affidavit of a New York Life officer setting forth, inter alia, the policy date and type of insurance plan for each of the policies listed. The affidavit indicated that each of the policies was issued in the period from 1987 through 1992. The affidavit further indicated that a class notice regarding the Willson class action had been mailed to Shepard and that the class notice applied to all the policies listed by Shepard. The undisputed affidavit states that Shepard did not opt out of the class action. The affidavit finally indicated that a postsettlement notice inclusive of election forms had been mailed to Shepard in connection with the class action. Andreasen and New York Life's evidence also included the affidavit of counsel for New York Life regarding the history and settlement of the Willson class action. Attached to the counsel's affidavit were documents related to the Willson action, including a copy of the class notice, which indicated that the class included those who owned whole life policies and universal life policies, including target life policies, issued by New York Life during the period from January 1, 1982, through December 31, 1994. The attachments also indicated that in the settlement agreement in the Willson action, the class members agreed to release and discharge New York Life and its agents from various types of claims arising from the issuance of policies included in the class action.
The court also received evidence offered by Shepard in opposition to the summary judgment, including Andreasen's deposition. In the deposition, Andreasen described his dealings with Shepard. Shepard's evidence also included an unsworn, unsigned letter by a self-described "expert," who opined that Andreasen and New York Life breached certain duties owed to Shepard "by mischaracterizing life insurance as an investment and repeatedly selling it to her instead of more appropriate investments." The record of the summary judgment hearing contains mention of a deposition given by Shepard; however, Shepard's deposition was not offered into evidence at the summary judgment hearing and is not in the record on appeal.
The district court granted the motion for summary judgment on all three bases asserted by Andreasen and New York Life. The court first concluded that "all of [Shepard's] claims were previously disposed of in a nationwide class action rendering the claims res judicata, released, and enjoined by the prior court." The court determined that all of Shepard's claims in this action related to claims previously adjudicated and resolved in Willson and that Shepard's claims were precluded by the release of claims in the Willson settlement and final judgment and the New York court's permanent injunction against lawsuits such as Shepard's. The court next concluded that all of Shepard's claims were barred by the applicable statutes of limitations and the doctrine of laches. The court determined that Shepard's claims accrued when she purchased life insurance policies between 1987 and 1992 and that therefore her claims were barred by 4-year statutes of limitations under Neb. Rev. Stat. §§ 25-206 and 25-207 (Reissue 1995). Finally, the court concluded that Andreasen and New York Life were entitled to summary judgment because Shepard "has not submitted any evidence that show[s] Defendants breached a duty owed to" Shepard. The court therefore granted the motion for summary judgment and dismissed Shepard's claims with prejudice.
Shepard appeals.

ASSIGNMENTS OF ERROR
Shepard asserts that the district court erred in granting summary judgment and dismissing her complaint (1) based on the class action settlement when material facts were in dispute concerning conduct outside the class period, (2) based on statute of limitations grounds when material facts were in dispute concerning the accrual of her claims, and (3) based on a "failure of proof."

STANDARDS OF REVIEW
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Builders Supply Co. v. Czerwinski, 275 Neb. 622, 748 N.W.2d 645 (2008). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Id.

ANALYSIS

The Willson Settlement Releases Andreasen and New York Life From Liability on the Claims Asserted by Shepard, and Shepard Failed to Offer Evidence to Support Claims Not Covered by the Release.
Shepard asserts that the district court erred by granting summary judgment based on its conclusion that the class action settlement in Willson released Andreasen and New York Life from liability on all of the claims asserted by Shepard in this case. Shepard argues that her claims encompass misconduct that occurred after the period covered by the class action. Even giving Shepard the favorable inferences from the evidence, we conclude that Shepard failed to present evidence at the summary judgment hearing of conduct or representations that were not covered by the class action.
We note first that other courts have found certain tort claims against New York Life and its agents to be encompassed within and thus barred by the settlement in Willson. See, Manji v. New York Life Ins. Co., 945 F. Supp. 919 (D.S.C. 1996); New York Life Ins. Co. v. Robinson, 735 So. 2d 463 (Ala. 1999). In Manji, the federal District Court for the District of South Carolina determined that the plaintiffs' claims were identical to claims in the Willson class action and that because the plaintiffs did not opt out of the Willson class, the final judgment in Willson was res judicata as to the plaintiffs' action in federal district court. In Robinson, the Alabama Supreme Court noted that
the Willson Stipulation of Settlement released New York Life and its agents from liability for claims "connected with, arising out of, or related to, in whole or in part, . . . representations allegedly made . . . relating to: . . . the fact that the Policies were or were not life insurance . . . [or] whether the Policies were, would operate or could function as an Investment Plan."
735 So. 2d at 467. The court in Robinson rejected the plaintiffs' argument that their misrepresentation claims fell outside the scope of the settlement agreement. By contrast, in New York Life Ins. Co. v. Griffin, 794 So. 2d 1072 (Ala. 2001), the Alabama Supreme Court determined that although certain of the plaintiff's claims were precluded by the Willson settlement, other claims of fraud concerning a replacement policy issued after the period covered by the Willson settlement, regardless of their merit, were not necessarily precluded by the Willson settlement and, on the record, not suitable for summary judgment.
The district court in the present case found that all of Shepard's claims were encompassed within the Willson settlement. The court's determination was based on the list of policies that Shepard identified as being at issue in this case and evidence provided by Andreasen and New York Life that all the policies listed by Shepard were of the type covered by the class action and were issued during the time period covered by the class action. Shepard's claims were all generally based on allegations that Andreasen advised her that purchasing the life insurance policies would be a good investment plan for her. As noted in Robinson, supra, the settlement in Willson releases New York Life and its agents from claims based on such representations with regard to policies covered by the class action.
On appeal, Shepard does not dispute that the Willson settlement releases New York Life and Andreasen to the extent her claims relate to policies issued during the time period covered by the class action. Instead, Shepard argues on appeal that her lawsuit is intended to encompass additional claims related to activity subsequent to the class action period. We note in this regard that while at the trial level Shepard listed several policies that were the subject of her claims, on appeal, she argues that there was activity outside the class period with respect to only three of the policies. Shepard does not dispute the district court's findings that she was covered by the class action and that she failed to opt out of the class action. Thus, to the extent Shepard's claims relate to policies issued during the class period and to representations Andreasen and New York Life made in selling those policies, Shepard does not dispute the district court's finding that Andreasen and New York Life were released from such claims, and we find no error in such finding.
Shepard argues on appeal that there was misconduct with respect to three of the policies after the end of the period covered by the Willson class action and that Andreasen and New York Life were not released from liability to the extent her claims relate to such alleged misconduct. Shepard concedes that each of the three policies was "sold and incurred initial premium costs within the class period" of Willson, which ran from January 1, 1982, through December 31, 1994. Brief for appellant at 17. However, because the three policies remained in effect after December 31, 1994, Shepard argues in her brief that when she paid additional premiums in 1995 and succeeding years, "additional new money was `invested' in each of these `investments' (life insurance contracts) based upon the recommendations of" Andreasen and New York Life. Id.
Although not articulated as such, it appears that Shepard's argument is based on an analogy to the "continuing investment doctrine" which has been applied to statute of limitations questions in federal securities cases. See In re Prudential Ins. Co. of America Sales Prac., 975 F. Supp. 584 (D.N.J. 1996). See, also, Lampf v. Gilbertson, 501 U.S. 350, 111 S. Ct. 2773, 115 L. Ed. 2d 321 (1991) (considering statutes of limitations in securities actions). We believe the continuing investment concept is helpful in the present context. As stated by the court in In re Prudential Ins. Co. of America Sales Prac., under the continuing investment doctrine, "investors who make periodic discretionary payments are held to make a new investment decision, and enter a new investment transaction, with each payment." 975 F. Supp. at 604 n.15. However, the court specifically held that even applying the continuing investment doctrine, "plaintiffs must also tie such payments to a misrepresentation or omission occurring within [the limitations] period." Id.
Shepard's argument in this case appears to be similar to the continuing investment doctrine, in that she argues that when she made premium payments on policies after December 31, 1994, or when the proceeds of other policies were used to make such payments, she was making a new "investment" and that therefore a new claim had arisen. Even assuming such premium payments are new investments, Shepard must by a showing of evidence tie new investment decisions to misconduct or misrepresentations made after December 31, 1994, in order to establish new claims arising outside the Willson class period.
A party moving for summary judgment must make a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial. Builders Supply Co. v. Czerwinski, 275 Neb. 622, 748 N.W.2d 645 (2008). Once the moving party makes a prima facie case, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. Id. Andreasen and New York Life presented evidence in support of their motion for summary judgment which, if unrefuted, entitled them to judgment as a matter of law. We have examined the record, and we determine that Shepard thereafter failed to meet her burden.
The evidence Shepard offered in opposition to summary judgment does not support an assertion that Andreasen and New York Life made new misrepresentations after the Willson class period. Shepard's evidence of claimed new investments after December 31, 1994, mainly consisted of a chart which showed that as a factual matter, premiums continued to be paid on certain policies, and that proceeds of other polices were used to fund money market accounts from which such premiums were paid. However, Shepard offered no evidence that Andreasen or New York Life made new misrepresentations regarding the nature of these transactions after December 31, 1994. Shepard offered Andreasen's deposition, in which he testified generally about investment advice he had given Shepard. The deposition does not indicate when advice regarding the policies was given, and the deposition does not indicate, even giving Shepard favorable inferences, that it was given after the class period.
For completeness, we note that there is reference in the record to the existence of a deposition of Shepard which may or may not relate to the errors assigned on appeal. However, Shepard's deposition was not offered into evidence at the summary judgment hearing and thus is not part of the record on appeal. Because the deposition was not offered at the hearing, it cannot be considered by this court on appeal. See, Zannini v. Ameritrade Holding Corp., 266 Neb. 492, 667 N.W.2d 222 (2003); Altaffer v. Majestic Roofing, 263 Neb. 518, 641 N.W.2d 34 (2002). In addition, we notice that there is also an unsworn, unsigned letter by a self-described expert in the record. This document is not a pleading, deposition, admission, or affidavit and, accordingly, is of no effect in the proper consideration of a summary judgment motion. See, Neb. Rev. Stat. § 25-1332 (Cum. Supp. 2006); Kulhanek v. Union Pacific RR., 8 Neb. App. 564, 598 N.W.2d 67 (1999).
In summary, Shepard does not argue that the district court erred in concluding that the Willson settlement released Andreasen and New York Life from liability to the extent her claims related to policies issued and misrepresentations made during the period covered by the class action. Instead, Shepard argues that Andreasen and New York Life were not released from liability on her claims to the extent that her claims related to misconduct or misrepresentation after the period covered by the class action. However, Shepard offered no evidence at the summary judgment hearing to support an assertion that specific misconduct occurred or misrepresentations were made after December 31, 1994. We therefore conclude that the district court did not err in determining that the Willson settlement released Andreasen and New York Life from liability on the entirety of Shepard's claims in this action and in granting summary judgment on such basis.

Other Assignments of Error Need Not Be Considered.
In addition to concluding that the Willson settlement released Andreasen and New York Life from liability on Shepard's claims, the district court also concluded that her claims were barred by the statute of limitations and the doctrine of laches and that Andreasen and New York Life were entitled to summary judgment because Shepard "has not submitted any evidence that show[s] Defendants breached a duty owed to" Shepard. Shepard assigns error on appeal to such additional conclusions. We determined above that the district court did not err in granting summary judgment as to all of Shepard's claims based on the release and preclusive effect provided by the Willson settlement. Because such determination was sufficient to justify the district court's granting of summary judgment in favor of Andreasen and New York Life, we need not consider Shepard's assignments of error relating to the other bases the district court added to support its decision.

CONCLUSION
Andreasen and New York Life offered evidence that they were released from liability on Shepard's claims because of the Willson settlement, which entitled them to judgment. Shepard failed to present evidence supporting her allegation that her claims encompassed activity not covered by the Willson release. We conclude the district court did not err in granting summary judgment in favor of Andreasen and New York Life, and we, therefore, affirm.
AFFIRMED.
STEPHAN, J., not participating.